IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINGBO YONGLIN LIGHT INDUSTRY CO., LTD., a Chinese corporation,<br><br>          Plaintiff,<br><br>   v.<br><br>WHAM-O, INC., a California corporation; DOES 1-10 (fictitious individuals), inclusive; DOES 11-20 (fictitious corporations), inclusive,<br><br>          Defendants | No. C-09-1946 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR TO STRIKE; DISMISSING COMPLAINT WITH LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE; VACATING HEARING** |

   Before the Court is defendant Wham-O, Inc.'s ("Wham-O") "Motion to Dismiss, or in the Alternative, to Strike," filed June 19, 2009.  Plaintiff Ningbo Yonglin Light Industry Co., Ltd. ("Ningbo") has filed opposition, to which Wham-O has replied.  Having read and considered the papers submitted in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for July 24, 2009, and rules as follows.

   In its complaint, Ningbo, a citizen of China, alleges state law claims, and asserts the Court has diversity jurisdiction over the instant action.  See 28 U.S.C. § 1332(a)(2) (providing district court has diversity jurisdiction over action between citizen of United States and citizen of foreign country).  Ningbo has sued one defendant identified by name,

specifically, Wham-O, a citizen of the United States.  In addition, Ningbo has joined herein as defendants twenty other parties, specifically (1) "Does 1 -10," identified as "individuals who own and/or control Wham-O" (see Compl. ¶ 5), and (2) "Does 11-20," identified as "corporations, which are parents of, or have received assets from, or share identities, ownership or activities with Wham-O" (see Compl. ¶ 6).  Ningbo alleges that Does 1-10 "used [ ] Wham-O, Inc., and Does 11-20 as alter egos" (see Compl. ¶ 9), and that "Wham-O, Inc. and/or Does 11-20 are mere instrumentalities wherein each is wholly controlled by other named corporate defendants," such that "the parent entities are liable for the debts of their subsidiaries" (see Compl. ¶ 13).  In addition, Ningbo alleges that Wham-O Asia, Ltd., an entity with which Ningbo has or had a contract and who is not a named party herein, is "owned and/or controlled by the same shareholder of Wham-O, Inc."  (See Compl. ¶ 14.)

Before turning to the arguments raised by Wham-O, the Court at the outset notes that the inclusion of a "Doe" defendant "destroys" diversity jurisdiction.  See Garter-Bare Co. v. Munsingwear, Inc., 650 F.2d 975, 981 (9th Cir. 1980) (holding district court lacked jurisdiction over state law claim brought against identified diverse defendant and unidentified "Doe" defendants).  Further, because "no one of the Rules of Civil Procedure under which federal courts operate gives warrant for the use of ['Doe' defendants]," and because "[a]llegations founding jurisdiction of a federal court must be precise," where, as here, a plaintiff alleging diversity jurisdiction names "Doe" defendants as parties to the action, a district court is "within its powers [to] dismiss[ ] the action without prejudice."  See Molnar v. National Broadcasting Co., 231 F.2d 684, 687 (9th Cir. 1956).[1]

Accordingly, the complaint is subject to dismissal, with leave to amend to delete all references to "Doe" defendants.  See id. at 686 (holding, where complaint is dismissed for lack of diversity jurisdiction in light of plaintiff's joining "Doe" defendants as parties, plaintiff should be afforded leave to strike "Doe" allegations from title and remove allegations relating to "Doe" defendants from complaint).

---

[1] Ningbo fails to allege any facts to suggest it has any basis to sue "Doe" defendants herein.

2

With respect to Wham-O's argument that a court lacks diversity jurisdiction over an action where a parent is sued for the acts of a subsidiary under an alter ego theory and the plaintiff and the subsidiary are not diverse, the Court finds the manner in which Ningbo has pleaded its theory of alter ego liability makes it impossible for the Court to determine what entity or entities Ningbo is alleging is/are the parent(s) and what entity or entities Ningbo is alleging is/are the subsidiar(ies).  See, e.g., Danjaq, S.A., 979 F.2d 772, 774-775 (9th Cir. 1992) (holding where "subsidiary is the alter ego of the parent corporation," courts "view the formal separateness between the two corporations as merely a legal fiction") (citing cases). Because Ningbo's allegation regarding the identity of the alter ego(s) is imprecise, the Court finds Ningbo has, for this additional reason, failed to sufficiently allege that all defendants are diverse from plaintiff.  See Molnar v. National Broadcasting Co., 231 F.2d at 687 (holding "[a]llegations founding jurisdiction of a federal court must be precise"); see also Fed. R. Civ. P. 8(c) (providing complaint must include "short and plain statement of the grounds for the court's jurisdiction).

Accordingly, the complaint is subject to dismissal, with leave to amend the claim of alter ego liability, should Ningbo wish to continue to pursue such claim, and to allege facts to support a finding that the Court has subject matter jurisdiction over such claim.

**CONCLUSION**

For the reasons stated above, Wham-O's motion to dismiss or to strike is hereby GRANTED, and the complaint is hereby DISMISSED with leave to amend in accordance with the above rulings.

Any First Amended Complaint shall be filed no later than August 7, 2009.

The Case Management Conference is hereby CONTINUED from August 14, 2009 to October 2, 2009; a Joint Case Management Statement shall be filed no later than September 25, 2009.

**IT IS SO ORDERED.**

Dated: July 17, 2009

MAXINE M. CHESNEY
United States District Judge

3